# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EARL SCOTT GIBSON, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| MICHAEL J. ASTRUE, Commissioner | § | SA-10-CV-0580 FB (NN) |
| of the Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

TO:  Honorable Fred Biery
     Chief United States District Judge

Plaintiff Earl Scott Gibson filed this action under 42 U.S.C. § 405(g) seeking review of the determination of Michael J. Astrue, the Commissioner of the Social Security Administration (the Commissioner), that Gibson is not disabled under the Social Security Act (the Act) and therefore not entitled to receive disability benefits. Gibson filed applications for Disability Income Benefits and Supplemental Security Insurance on September 4, 2007, alleging disability beginning on May 15, 2007.[1] The Commissioner denied the applications both initially and upon reconsideration.[2] On

---

[1] SSA record, pp. 116 & 119.

[2] *Id.*, pp. 67-70, 73 & 81.

June 2, 2009, after a hearing, an administrative law judge (ALJ) determined Gibson is not disabled.[3] On May 25, 2010, the SSA Appeals Council denied Gibson's request for review,[4] making the ALJ's determination the Commissioner's final decision.

**Entitlement to benefits**. Every individual who is insured for disability insurance benefits, has not attained retirement age, has filed an application for benefits, and suffers a disability is entitled to receive disability insurance benefits.[5] The term "disability" means the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.[6] A person shall be determined to be disabled only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or

---

[3]*Id.*, p. 7.

[4]*Id.*, p. 1.

[5]42 U.S.C. § 423(a)(1).

[6]42 U.S.C. § 423(d)(1)(A).

2

whether he would be hired if he applied for work.[7]

**Evaluation process and burden of proof**. The Commissioner's regulations set out five steps or considerations for evaluating disability claims.[8] To be found disabled, the claimant first bears the burden of proving that:

(1) he is not currently engaged in substantial gainful activity;

(2) he has an impairment or combination of impairments that is severe; and,

(3) the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, subpart P, appendix 1; or,

(4) in light of the claimant's residual functional capacity (RFC), the impairment prevents the claimant from returning to his past relevant work.[9]

If the claimant establishes these elements, the burden shifts to the Commissioner to prove that:

(5) considering the claimant's residual capacities and his age, education, and work experience, the impairment does not prevent him from performing other jobs which exist in significant numbers in the national economy.[10]

If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternative

---

[7] 42 U.S.C. § 423(d)(2)(A).

[8] 20 C.F.R. § 404.1520.

[9] *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999).

[10] *Id*.

work.[11]

**Standard of review**. In reviewing the Commissioner's decision denying disability benefits, the reviewing court is limited to a determination of whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards in evaluating the evidence.[12] Substantial evidence is more than a scintilla and less than a preponderance.[13] It must do more than create a suspicion of the existence of the fact to be established but "no substantial evidence" will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence.[14] If the Commissioner's findings are supported by substantial evidence, they must be affirmed.[15] In applying the substantial evidence standard, the court must carefully examine the entire record but must refrain from reweighing the evidence or substituting its judgment for that of the Commissioner.[16] Conflicts in the evidence are for the Commissioner and not the courts to resolve.[17]

---

[11] *Id.*

[12] *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

[13] *Id.*

[14] *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

[15] *Masterson*, 309 F.3d at 272.

[16] *Id.*

[17] *Id.*

**ALJ's findings and plaintiff's contentions**. At the time of the ALJ's decision, Gibson was 38 years old with a high school degree and past relevant work as a church janitor, animal caretaker, group home care-giver, amusement ride operator, and lubrication servicer.[18] Gibson's alleged on-set date coincides with the date he left his job as a lubrication servicer because of a rash on his leg. Even though Gibson worked as a part-time church janitor at the time of his hearing, the ALJ found at step one of the disability-determination process that Gibson had not engaged in substantial gainful activity since his on-set date.[19] At step two, the ALJ found that Gibson has the following severe impairments: diabetes mellitus, type II; morbid obesity; and major depressive disorder.[18] At step three, the ALJ found Gibson's impairments did not singly, or in combination, meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, subpart P, appendix 1.[19] At step four, the ALJ found Gibson has the following residual functional capacity:

> [L]ift/carry 20 pounds occasionally, and 10 pounds frequently; stand/walk 4 hours about of 8 hours, intermittently; sit 8 hours out of 8 hours; occasionally climb ramps/stairs; no climbing of ladders, ropes or scaffolds; no crawling; occasional bending, stooping, kneeling, and crouching; with no limitations in the

---

[18]*Id.*, p. 53.

[19]*Id.*, p. 12.

[18]*Id.*

[19]*Id.*, p. 13.

5

ability to understand, remember, and carry out short, simple instructions; moderate limitations in the ability to maintain attention and concentration for extended periods (more than 2 hours at once); slight limitations in the ability to interact with the public; no limitations in the ability to interact with supervisors and co-workers; slight limitation in the ability to respond appropriately to changes in a routine work setting; and moderate limitations in the ability to understand, remember, and carry out detailed job instructions.[20]

The ALJ also found that Gibson cannot perform his past relevant work.[21] At step five, the ALJ found that, considering Gibson's age, education, work experience and residual functional capacity, jobs exist in the national economy that Gibson can perform.[22] The ALJ concluded that Gibson is not disabled under the Act.

**Gibson's allegations of error**. Gibson maintains the ALJ erred in the following ways:

(1) Gibson contends the ALJ used the wrong legal standard at step two.

(2) Gibson maintains the ALJ improperly rejected a treating source statement about his mental impairment.

(3) Gibson asserts that the ALJ presented a defective hypothetical to the vocational expert.

(4) Gibson argues substantial evidence does not support the ALJ's finding of mental residual functional capacity.

**The ALJ's step two finding**. Gibson contends the ALJ erred by using the

---

[20]*Id.*, p. 14.

[21]*Id.*, p. 19.

[22]*Id.*, p. 20.

incorrect legal standard at step two and thus failed to find his cognitive disorder is severe. This argument is based, in part, on an opinion by a state agency medical consultant. As part of a psychiatric review technique, the state agency medical consultant opined that Gibson is impaired by cognitive disorder not otherwise specified by history.[23] Although the ALJ summarized the consultant's opinion in step four, the ALJ did not refer to that specific finding in step two.

Gibson's argument is also based on the language used in the ALJ's opinion. Gibson maintains that language shows the ALJ used an improper legal standard for determining whether an impairment is severe. The applicable regulation provides that an impairment is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities.[24] In *Stone v. Heckler*, the Fifth Circuit construed the regulation to mean that an impairment can be considered as not severe only if it is a slight abnormality having such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.[25] The Fifth Circuit required future ALJ decisions to include a reference to the *Stone* opinion to demonstrate that the correct standard was

---

[23]*Id.*, p. 247.

[24]20 C.F.R. § 404.1521(a).

[25]*Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).

7

applied.[26] The Fifth Circuit asserted that it would assume "in the future…that the ALJ and Appeals Council…applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to [*Stone*] or another [opinion] of the same effect, or by an express statement that the construction [the court gave to the regulation]…."[27] The Fifth Circuit instructed that, "Unless the correct standard is used, the claim must be remanded to the Secretary for reconsideration."[28]

The ALJ's decision in this case refers to the *Stone* standard, but in a slightly varied form. Before analyzing Gibson's claims, the ALJ discussed, in general, the five step process. After noting, correctly, that an impairment is within the meaning of the regulation if it significantly limits an individual's ability to perform basic work activities, the ALJ stated that "[a]n impairment or combination of impairments is 'not severe' when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work…."[29] Discussing Gibson's specific impairments, the ALJ referred to "significant limitation[]," rather than "slight abnormality" and "minimal

---

[26]*Stone*, 752 F.2d at 1106.

[27]*Id.*

[28]*Id.*

[29]SSA record, p. 11.

8

effect."[30] Gibson argues that by failing to use the *Stone* standard, the ALJ implicitly found that cognitive disorder does not impose "significant limitations." That is, Gibson maintains the ALJ applied an improper severity standard. The court disagrees.

Procedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected.[28] The ALJ's explanation of the general statement on the law, though not word for word from *Stone*, refers to the important phrases from *Stone*, "slight abnormality" and "minimal effect." The fact that the ALJ did not again recite this standard when applying the facts of Gibson's case lacks consequence. Gibson's substantial rights were not affected so long as the impairments found not to be severe were only slight abnormalities having such a minimal effect that they would not be expected to interfere with Gibson's ability to work, irrespective of age, education or work experience.

The ALJ's decision, however, contains a *Stone* issue which cannot be ignored. As noted above, the Fifth Circuit held in *Stone* that an impairment can be considered as not severe only if it is a *slight abnormality having such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work*, irrespective of age,

---

[30]*Id.*, pp. 12-13.

[28]*Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

9

education or work experience.²⁹ On the other hand, the ALJ in this case stated that "[a]n impairment or combination of impairments is 'not severe' when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work...."³⁰ The ALJ did not otherwise cite to *Stone* or the precise standard set forth in *Stone*.

The Commissioner maintains the ALJ's omission is irrelevant because this case was resolved at step four. In support of this argument, the ALJ cited to *Harrell v. Bowen*, 862 F.2d 471 481 (5th Cir. 1988) and *Jones v. Bowen*, 829 F.2d 524, 526 n. 1 (5th Cir. 1987). *Harrell* contains language that could be construed to support the Commissioner's argument, but that opinion did not address the application of an incorrect legal standard. "In *Harrell*, the claimant did not challenge the ALJ's application of the *Stone* standard of severity, but rather the ALJ's disregard for claimant's allegations of pain."³¹ The relied-upon language in *Jones* is not controlling; "the statement was in a brief footnote not central to the Court's analysis of the case."³²

*Stone* referred to a slight abnormality having such a minimal effect on the

---

²⁹*Stone*, 752 F.2d at 1101 (emphasis added).

³⁰*SSA record,* p. 11.

³¹*Padalecki v. Astrue*, 688 F. Supp. 2d 576, 581 n.5. (W.D. Tex. 2010).

³²*Padalecki*, 688 F. Supp. 2d at 581.

10

individual that it would not be expected to interfere with the individual's ability to work. "Slight" quantifies the abnormality and "minimal" quantifies the effect on the individual. Arguably, to have meaning, "minimal effect" could refer to the individual's ability to work; however, the Fifth Circuit did not phrase the severity standard that way. As written, *Stone* does not allow any interference with the individual's ability to work. A literal reading of *Stone* indicates an impairment is severe if it interferes in any way with this ability. The standard employed by the ALJ in this case allows for a finding of non-severity if the abnormality has only a minimal effect on Gibson's ability to work. Application of the incorrect standard at step two of the evaluation process was a legal error which requires remand.[33]

**Recommendation.** I recommend reversing the ALJ's decision because it does not reflect that the ALJ correctly applied the *Stone* standard for step two, and accordingly I recommend remanding the case to the Commissioner for proceedings consistent with *Stone*.

---

[33] *Accord Padalecki*, 688 F. Supp. 2d at 581 (remanding Commissioner's decision because ALJ applied incorrect legal standard at step two); *Ramos v. Astrue*, No. 3–10–CV–1495–BD, 2011 WL 2469582, at *4 (N.D. Tex. June 21, 2011) (explaining that failure to apply *Stone* severity standard serves as independent and sufficient reason to remand cases adjudicated beyond step two); *Hutchins v. Astrue*, No. 3–10–CV–0077–BD, 2011 WL 1136246, at *4 (N.D. Tex. Mar. 25, 2011) (rejecting Commissioner's argument that *Stone* applies only to cases where claimant is found not disabled at step two and remanding for failure to apply correct severity standard).

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[34] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[35] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

---

[34] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[35] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

legal conclusions accepted by the district court.[36]

    **SIGNED** on July 26, 2011.

*[signature]*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[36]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).